J-S27039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES ALLEN STEWART, JR., | |
| Appellant | No. 1332 MDA 2015 |

Appeal from the Judgment of Sentence July 21, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000234-2007

BEFORE:  SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 29, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Adams County, which imposed a probation revocation sentence—Appellant's third on the underlying offense of Conspiracy to Commit Burglary—of one to three years' incarceration.  Appellant contends that the sentence was excessive and represents an abuse of the court's sentencing discretion.  In addition, Appellant's counsel seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm judgment of sentence and grant counsel's petition to withdraw.

In 2007, Appellant entered a negotiated guilty plea to Conspiracy to Commit Burglary, and the court sentenced him to serve three months to 23 months in the Adams County Adult Correctional Complex.  For his first

_____
*Former Justice specially assigned to the Superior Court.

revocation of probation occurring on December 27, 2012, he was sentenced to serve 36 months of Intermediate Punishment, with six months in a restrictive setting and the remainder on probation. For his second revocation occurring on June 27, 2013, Appellant again acknowledged his violations and received a revocation sentence of 36 months of Intermediate Punishment, with six months in the re-entry facility, three months on house arrest, and the remainder on probation.

For this, his third revocation occurring on July 21, 2015, Appellant acknowledged missing one scheduled appointment with the Probation Office.[1] The court accepted Appellant's acknowledgement of having missed at least one appointment and proceeded with sentencing. N.T. at 5. The Commonwealth's recommendation was no less than one-and-one-half to three years' incarceration. N.T. at 2, 5. As noted, *supra*, the court imposed a revocation sentence of one to three years' incarceration in a state correction institution. Appellant timely filed this direct appeal.

As a preliminary matter, we address counsel's petition to withdraw. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa.Super. 2005) (quoting ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa.Super. 1997)) ("When

---

[1] The probation officer alleged Appellant had missed a total of six appointments with York County Probation and Adams County Probation over a span of 15 months. Just one month prior to missing his final two appointments, Appellant had signed a written warning, dated May 8, 2015, agreeing to attend all scheduled office appointments. N.T., 7/21/15, at 4-5; C.R. #82 "Motion for Revocation," dated June 26, 2015.

faced with a purported ***Anders*** brief, this Court may not review the merits of

the underlying issues without first passing on the request to withdraw.").

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.,* directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720–21 (Pa.Super. 2007)

(citations omitted). Our Supreme Court has expounded further upon the

requirements of ***Anders***:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Our examination of counsel's petition to withdraw and his *Anders* brief leads us to conclude that counsel has substantially complied with the above requirements.[2]  Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'"  *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

In his brief, Appellant's counsel states one issue that might arguably support an appeal: "Did the trial court err in sentencing the Appellant to serve no less than one (1) nor more than three (3) years in a state correctional institution for his third revocation of sentence imposed for his conviction of Criminal Conspiracy to Commit Burglary [18 Pa.C.S.A. § 903(a)(1)]" *Anders* brief at 4.  This issue implicates the discretionary aspects of Appellant's sentence, which is reviewable by this Court in the revocation setting.  *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) *(en banc)*.

Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and an appellant's appeal should be

---

[2] Appellant has not responded to counsel's petition to withdraw.

considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa.Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006)).

Moreover, our standard of review pertaining to revocation sentences is as follows:

> In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000). . . . Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.A. § 9771(c); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001).

*Commonwealth v. Hoover*, 909 A.2d 321, 322-23 (Pa.Super. 2006).

Instantly, it appears that Appellant has waived his discretionary aspects of sentencing claim for failing to preserve it at sentencing or in a post-sentence motion pursuant to Rule 720. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1273–74 (Pa.Super. 2006) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super. 2005) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Assuming *arguendo* that the issue is preserved, however, we conclude that Appellant is not entitled to relief. The *Anders* brief includes a Rule 2119(f) statement, wherein Appellant claims that his one to three year revocation sentence—his third revocation sentence—for his conviction of Criminal Conspiracy to Commit Burglary was "excessive" and a product of the court's "abuse of discretion." *Anders* brief at 16.

"The determination of whether a substantial question exists must be determined on a case-by-case basis." *Commonwealth v. Hartman*, 908 A.2d 316, 320 (Pa.Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (quoting *Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa.Super.

1994)). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa.Super. 2000) (*en banc*) (emphasis in original).

A claim of a harsh or excessive sentence can, at times, raise a substantial question. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 292 (Pa.Super. 2008). However, this is not such a case, as the ***Anders*** brief baldly asserts that Appellant's sentence is "excessive" without providing any reason to support the assertion. Such a bald assertion of sentence excessiveness does not raise a substantial question. ***See Commonwealth v. Trippett***, 932 A.2d 188 (Pa.Super. 2007). Nevertheless, our review of the record reveals no indication that Appellant's sentence was excessive or disproportionate to his violations. The court acknowledged that this was Appellant's third revocation of probation and that he served county jail time and house arrest in his prior two revocation sentences. To the probation officer's report citing a string of missed appointments, Appellant provided excuses and explanations to all except one. In this respect , the court was in the best position to evaluate Appellant's character, demeanor, and whether he exhibited a defiant or indifferent attitude. The underlying offense of Conspiracy to Commit burglary, moreover, carried a possible maximum sentence of twenty years' incarceration.

Based on this record, we discern no indication that the court based its sentence on partiality, prejudice, bias or ill will. The court was familiar with

Appellant's history, and reasonably determined that a sentence of incarceration at this point was necessary to vindicate the authority of the court. Accordingly, there is no basis upon which to conclude that the sentence was excessive or disproportionate. Appellant's issue challenging the discretionary aspects of his sentence is, therefore, wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016